# United States District Court
# Southern District of Florida

## Case #



FILED BY _____ D.C.

APR 2 3 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Thomas Burgess

Pro-se Plaintiff

vs.                    **Demand for Jury Trial**

Pride Transport

Defendant

_____/

# **Complaint and Demand for Jury Trial**

-1-

Comes now, the plaintiff, Thomas Burgess, acting pro-se in the above styled matter and herein hereby files this complaint and demand for jury trial against the defendant for violation of Title VII of the Civil Rights Act of 1964.

All for GOOD CAUSE the plaintiff shall now aver as follows:

# **Introduction**

1. This is a civil action for damages in excess of fifty thousand dollars ($50,000.00) exclusive of interest, cost, emotional distress, punitive damages, ETC.

2. The defendant violated Title VII of the Civil Rights Act of 1964 based on the defendant having a policy that has a disparity impact towards African Americans.

3. This is a race discrimination lawsuit.

## **Jurisdiction**

4. This court has jurisdiction over this matter under 28 U.S.C. 1331.

## **Venue**

5. Venue is proper in the Southern District of Florida, the plaintiff is a lifelong resident of Palm Beach County Florida.

## **Parties**

6. Plaintiff Thomas Burgess is a lifelong resident of Palm Beach County Florida.

7. Defendant Pride Transport is a semi truck company that transports goods all over the lower 48 States of the United States of America, and their address is located:

-3-

5499 W 2455 S

Salt Lake City, UT 84120

## **Pro-se Statement**

8.  The plaintiff is a pro-se and untrained in the law, therefore request this court to review his filings as outlined in <u>Haines vs. Kerner</u>, 404 U.S. 519 (1972).

9. Also please note that Burgess is a semi truck driver and drivers ten hours a day in five different States a day and cannot study law while driving a semi truck.

## **Factual Allegations**

10.  Plaintiff was released from federal prison after serving 8 years in prison for crack cocaine, please see Case # 9:11-cr-80012-DMM.

11.  Burgess was also unlawfully shot by the police, please see the following case number and case law:

-4-

Palm Beach County Court House, State of Florida
Case # 2007-CF-013696-AXXXmb.

Case Law Burgess vs. Bradshaw, 626 F. Appx 257
(11th Cir. 2015).

12. Burgess's attorney was also found to have violated
Burgess's Six Amendment right to Effective Assistance
of counsel under Strickland vs. Washington, 466 U.S.
668 (1984), please see Case # 2007-cf-013696-AXXX,
(DE # 572), State of Florida.

13. Burgess went through seven years of ligation under
State of Florida Case # 2007-cf-013696-AXXXmb,
and it was undisputed that Burgess claim to be
innocent and wanted to stand trial, see (DE # 572,
bottom of page 2 and the top of page 3 — also see
Bottom of page 6 and the top of page 7).

14. Burgess even took up an Appeal with the 4th DCA Court of Appeals over evidence that the prosecutor was holding back that would have exonerated Burgess, See State of Florida, 4th DCA Court of Appeals, Appeal # 4D-2009-1877.

15. Burgess's attorney allowed evidence and witnesses in Burgess's favor to disappear, in violation of <u>Strickland vs. Washington</u>.

16. Shortly after Burgess's attorney was found to have violated <u>Strickland vs. Washington</u>, Burgess accepted plea under <u>North Carolina vs. Alford</u>, 400 U.S. 25 (1970), commonly known as an "Alford Plea", please See Case # 2007-cf-013696-AXXXmb (DE # 620), Palm Beach Court House, State of Florida.

17. Burgess accepted the Alford Plea based on the fact that he was allowed to maintain his innocence under the plea, the plea involved no jail time, the sentence was concurrent to a federal prison sentence that Burgess was already four years into, and after seven years of litigation witnesses and evidence in Burgess's favor had disappeared, this is the sole purpose of an "Alford Plea".

18. While in prison Burgess did a 500 hour drug class and several other drug rehabilitation classes, Burgess also did several education courses and earn his GED, please note that this evidence will be shown to the jury at trial, Burgess does not want to attached 50 certificates to this complaint.

19. Burgess was released early from prison under President Trump's "First Step Act" program, which was in the Sun Sentinel News Paper on Trump's last day in office from his first term.

20. After Burgess was released from prison he did several rehabilitation classes, which will be shown to the jury.

-7-

21. Burgess grew an interest in semi truck work shortly after his release from prison.

22. Burgess saved his money washing dishes at a restaurant in order to put himself through truck driving school.

23. Burgess graduated truck driving school in December of 2019, just ten months after his release from prison, then one month later covid-19 hit.

24. Burgess began calling up many trucking companies for a job and ran into road blocks for many different reasons.

25. Because Burgess was never able to find a job he ended up in a homeless shelter.

26. From the homeless shelter Burgess was able to get a student loan to do a refreshing course class for truck drivers.

27. Burgess did the refreshing course class at "The CDL School Miami" in Miami Florida.

-8-

28. Burgess graduated "The CDL School Miami" in August of 2021", and was able to find his first truck driving job through the school in August of 2021.

29. Burgess first load as a truck driver was from Florida to California, a 2,500 mile drive, and all Burgess was paid for that 2,500 mile drive was $38.00 — the only trucking companies willing to hire Burgess is the ones that want to scam drivers.

30. Burgess worked for a few trucking companies which resulted in wage theft lawsuits being filed which ended in Burgess's favor.

31. Burgess first made contact with Pride Transport in December of 2024 through Facebook social media and Pride Transport told Burgess his South Florida address was a area they hire out of.

32. Pride Transport then sent Burgess a link for Burgess so Burgess could fill out the job application.

-9-

33. Pride Transport then did a background check on Burgess and quickly sent Burgess a rejection letter after the background check was complete, please see Exhibit "A".

34. Burgess then made contact with the EEOC and filed a complaint for Race discrimination on Pride transport, See Exhibit "B".

35. The EEOC then gave Burgess a Notice of right to sue Pride Transport, See Exhibit "C".

36. The defendant has a policy that has a disparity impact towards African Americans in violation of Title VII of the Civil Rights Act of 1964.

37. Burgess will now like to challenge the defendant's policy in federal court in order to convince a jury that it violates Title VII.

38. Again Burgess was convicted in federal court for crack cocaine, See Case # 9:11-CR-80012-DMM.

39. As is evidence of the Fair Sentencing Act of 2010 80% of federal crack cocaine offenders were African Americans, just like Burgess.

40. Burgess received relief off his sentence due to the Fair Sentencing Act of 2010, See Case # 9:11-cr-80012-DMM (DE # 173).

41. Also Burgess was unlawfully shot by the police as explained above, and there will be data shown to the jury that African Americans are five times more likely to be shot by the police than whites.

42. It is undisputed that Burgess was in prison for crimes that mostly affect African Americans.

43. The EEOC has data on their website that shows 1 in 3 African Americans are convicted felons, just like Burgess.

44. For the defendant to have a policy that denies 1 in 3 African Americans a job and/or 80% of crack cocaine offenders a job is a disparity impact towards African Americans in violation of Title VII.

-11-

45. Burgess is an African American man and is a protected member under Title VII of the Civil Rights Act 1964.

## **Count One**

## **Title VII - Violation of the Civil Rights Act of 1964**

46. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as fully set forth herein.

47. Under Title VII of the Civil Rights Act of 1964 it is unlawful for an employer to habitually refuse employment to felons whose criminal history acts is in no way related to the applied for job.

48. Plaintiff Burgess's criminal history record is in no way directly related to the job duties of semi truck work, therefore it was unlawful discrimination under Title VII of the Civil Rights Act of 1964 for the defendant to deny Burgess a job.

-12-

49. The first time Burgess drove a semi truck is after his release from prison, semi truck work is how Burgess changed his life around.

50. Plaintiff Burgess was more than qualified for the driving position he applied for with the defendant, Burgess currently has over 3 years of semi truck driving experience and Burgess has driven in 38 States in a Semi Truck, and Burgess has a clean driving record.

51. Also under Title VII an employer must consider mitigating circumstances or "Green Factors" of an applicants criminal history record, See Green vs. Missouri Pacific Railroad, 523 F2d 1290 (8th Cir. 1975).

52. The mitigating circumstances are based on the fact that Burgess has been out of prison for over six years with no arrest with law enforcement, has been off of probation for over 3 years, has done hundreds of hours of drug rehabilitation classes both inside and outside of prison, and also what must be considered is the fact that Burgess's attorney was found to have violated Burgess's Sixth Amendment right to effective assistance of counsel, and also Burgess accepted an "Alford Plea" for his offense — also Burgess's offense date is over ten years Old.

53. This complaint is for Race Discrimination in violation of Title VII of the Civil Rights Act of 1964 based on the defendant having a policy that has a disparate impact towards African Americans, and Burgess would like to challenge that policy in front of a jury.

54. It is well known that African Americans have the highest Level of felony convictions and take up more than 60% of the prison system.

-14-

55. Burgess has evidence of several trucking companies denying him a job for the same reason as the defendant, See Exhibit "D", so the big question is "When does it end ?", Burgess could do 20 years of no arrest with law enforcement and still be rejected a job by the entire world based on a criminal history record that has no direct relation to the job duties applied for, if thats not a disparate impact towards African Americans then what is ?.

56. Donald Truck is President of the United States in charge of nuclear weapons and has 34 felony convictions, but Burgess cant drive a truck ?.

57. Burgess even has a Transportation Workers Identification Credential (TWIC) also known as a TWIC card, and part of the process for Burgess to be granted a TWIC card is to show evidence of rehabilitation efforts, which is the same process the defendant should have followed but refused to do so.

58. The defendant never asked Burgess to produce rehabilitation efforts which is in violation of the "Green Factors" test.

59. The defendant also violated the Florida Civil Rights Act of 1992, which is Florida's version of Title VII.

60. The defendant also violated Florida Statute 112.011(a) which instructs employers not to decline to hire someone due to a criminal history record unless the criminal history record relates to the job duties applied for.

61. The controlling case in this matter is Case Law <u>Tynes vs. Florida Department of Juvenile Justice</u>, 88 F. 4th 839 (11th Cir. 2023).

62. In <u>Tynes</u> the court held that circumstantial evidence is a method that can be used to prove racial discrimination in violation of Title VII.

63. The circumstantial evidence is the contact the defendant and the plaintiff made on Facebook which will be shown to the jury and the defendant's rejection letter (Exhibit "A"), and Burgess will also show the jury evidence of his rehabilitation efforts and his experience as a semi truck driver.

64. Burgess is suffering bad because no one will hire him, Burgess is currently driving an old truck with over 800,000 miles on it, Burgess calls it the reject truck because it breaks down alot.

65. Burgess was trying to get with a company that has new trucks, which the defendant has, and Burgess was trying to get with a company that can get Burgess home with his family every week, which the defendant can do – Burgess's work duties for the defendant would have been in Florida had he been hired.

66. Burgess' current employer mostly has loads going to California and back.

67. Burgess has suffered emotional distress based on what the defendant has done to him.

68. The only hope for Burgess is for Burgess to save up money and buy his own truck.

69. Burgess is a protected member under Title VII, therefore he is entitled to the relief he is requesting in this complaint.

70. As a direct and approximate result of said unlawful actions committed by the defendant and in disregard of plaintiff's rights and sensibilities the plaintiff has suffered emotional distress and other consequential damages.

71. Burgess sent the defendant Notice of intent to sue, See Exhibit "E".

# Jury Demand

72. Plaintiff hereby request trial by jury under Fed.R.Civ.P. 38(b) on all the above issues.

-18-

73. Burgess also request that a African American jury hear this case, there is no way a all white jury can be fair in a Race Discrimination trial of an African American man, only African Americans know the pain of another African American.

# **Prayer for Relief**

Wherefore the plaintiff Thomas Burgess prays that this court will issue the following relief:

(a) Enter judgment in favor of the plaintiff and against the the defendant for violation of Title VII of the Civil Rights
Act of 1964.

(b) Declare that the actions of the defendant constituted unlawful discrimination.

(c) Award Burgess compensatory damages

-19-

(d) Award Burgess compensatory damages including but not limited to emotional distress and punitive damages in the maximum amount allowed for a total of $300,000.00.

(e) Award Burgess out of pocket expenses as a result of said action.

(f) Grant Burgess other relief as this court deems just.

## **Certificate of Service/mailing**

I, Thomas Burgess hereby declare under the penalty of perjury that the forgoing is true and correct pursuant to 28 U.S.C. 1746.

And also that I mailed a true and correct copy of the forgoing to the defendant located at:

Pride Transport
5499 W. 2455 S.
#1273
Salt Lake City, UT 84120

**Dated:** 4-23-2025

Thomas Burgess
561-767-1023
thomasb33407@outlook.com
1860 North Tamarind Ave
Apt # 3
West Palm Beach, FL 33407

-21-