UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80495-Cannon/McCabe

THOMAS BURGESS,

    Plaintiff,

v.

PRIDE TRANSPORT, INC.,

    Defendant.

_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant's motion to dismiss, or in the alternative, to transfer venue, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 14, DE 15). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED IN PART** and **DENIED IN PART** and that this case be **TRANSFERRED** to the District of Utah pursuant to 28 U.S.C. § 1404(a).

**I.     BACKGROUND**

This is a pro se employment discrimination case arising under Title VII of the Civil Rights Act of 1964. The Court accepts the following facts as true, taken from Plaintiff's Complaint. (DE 1). Plaintiff is an African American man who previously served time in federal prison on crack cocaine charges. (DE 1 ¶¶ 10, 45). Following his time in prison, Plaintiff sought to become a long-haul truck driver, and he attended truck driving school. (DE 1 ¶¶ 23, 28). In or around December 2024, Plaintiff submitted an online job application to Defendant, a trucking company located in Utah. (DE 1 ¶¶ 7, 31-32). In or around January 2025, Defendant rejected Plaintiff's application by letter, stating the following:

> Please be aware that your employment with [Defendant] has been denied wholly or partly on the information we obtained from your background investigation report.

(DE 1-1).

Plaintiff alleges that Defendant discriminated against him based on his race by refusing to hire him due to his criminal record. (DE 1 ¶ 44). He alleges a single count for violation of (1) Title VII of the Civil Rights Act of 1964, (2) the Florida Civil Rights Act of 1992, and (3) Fla. Stat. § 112.011, a Florida statute dealing with public employment of convicted felons. (DE 1 ¶¶ 46-71).

## II.   DISCUSSION

By way of this motion, Defendant seeks to dismiss and/or transfer the case based on improper venue, inconvenient venue, shotgun pleading, and failure to state a claim. As set forth below, the Court disagrees that the case can be dismissed for improper venue, but the Court agrees the case should be transferred to the District of Utah based on inconvenient venue. In the event the District Judge disagrees with these recommendations, the Court provides alternative recommendations below.

### A.    Dismissal Based on Improper Venue

Defendant first seeks dismissal and/or transfer based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3). As set forth below, the Court finds that Plaintiff filed this case in a permissible venue. As such, the case cannot be dismissed for improper venue.

Title VII contains its own venue provision, authorizing venue in only four possible judicial districts as follows:

> (3) Each United States district court … shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in *which the unlawful employment practice is alleged to have been committed,*

2

> *in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice*, but if the respondent is not found within any such district, *such an action may be brought within the judicial district in which the respondent has his principal office*.

42 U.S.C. § 2000e–5(f)(3) (emphasis added). By enacting this statute, Congress intended to provide "exclusive" venue options for Title VII cases, with more restrictive options than those traditionally afforded to federal litigants under 28 U.S.C. § 1391. *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006).

When a defendant challenges venue under Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper. *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990). In evaluating whether a plaintiff satisfies this burden, a court must accept all allegations of the complaint as true, unless contradicted by the defendant's affidavits or declarations. *Bell v. United Air Lines, Inc.*, No. 11–61393–CIV, 2011 WL 11048116, at *2 (S.D. Fla. Nov. 30, 2011). "When an allegation of the complaint is challenged, the court may examine facts outside of the complaint to determine whether venue is proper." *Id.* In doing so, a court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Id.*

Applying this burden-shifting standard here, the Court finds that Plaintiff has carried his burden to show that the Southern District of Florida qualifies as one of Title VII's four available venue options, i.e., the judicial district where the "aggrieved person would have worked but for the alleged unlawful employment practice." *See* 42 U.S.C. § 2000e–5(f)(3). In particular, Plaintiff's Complaint alleges that Defendant "is a semi truck company that transports goods *all over the lower 48 States*" and that Defendant told Plaintiff "his South Florida address was an area they hire out of." (DE 1 ¶¶ 7, 31) (emphasis added). Drawing all reasonable inferences in

3

Plaintiff's favor, the Court construes this to mean that, had Plaintiff been hired, he would have worked "all over the lower 48 States," which necessarily includes the Southern District of Florida.

To rebut these allegations, Defendant submitted a declaration from the company's Human Resources Director. (DE 14-2). The affidavit contains a single sentence related to Plaintiff's place of employment:

> If [Plaintiff] had been hired by [Defendant], his employment would not have been based in Florida because [Defendant] does not have any Florida terminals.

(DE 14-2 ¶ 9). In the Court's view, the location of Defendant's "terminals" and the home "base" of Plaintiff's employment does not fully address the places where Plaintiff "would have worked," within the meaning of § 2000e–5(f)(3), as a long-haul truck driver. The declaration does not attest, for example, that Defendant never transports goods into or out of the Southern District of Florida. Drawing all reasonable inferences and resolving all factual conflicts in favor of Plaintiff, the Court finds that Defendant has not adequately rebutted the allegations in Plaintiff's Complaint pertaining to venue. As such, the Court finds that Plaintiff has carried his burden to show proper venue in the Southern District of Florida. The Court therefore rejects Defendant's argument for dismissal based on improper venue.

    **B.**    **Transfer Based on Inconvenient Venue**

Alternatively, Defendant seeks to transfer the instant case to the District of Utah based on inconvenient venue pursuant to 28 U.S.C. § 1404(a), which provides as follows:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

In applying this statute, courts must engage in a two-step inquiry. First, the new venue must be one in which the action could originally have been brought by the plaintiff. *See* 28 U.S.C. § 1404(a). Second, transfer must be justified after weighing several private and public interest factors, including the following: (1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). As a general rule, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

The party seeking transfer bears the burden of satisfying the two-step inquiry under § 1404(a). *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). In deciding a motion to transfer, a court may consider facts outside of the pleadings such as affidavits or declarations, but the court must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *See* 5B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1352 (3d ed. 2013) ("A district court may examine facts outside the complaint to determine whether its venue is proper. And ... the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.").

Applying the above standards here, the Court finds that Defendant has satisfied its burden to show the case should be transferred to the District of Utah. As to step one, Defendant has

5

submitted a declaration showing that the company makes all employment decisions from its headquarters in Salt Lake City, Utah, including the decision to reject Plaintiff's application. (DE 14-2 ¶ 4). As such, Plaintiff originally could have filed this case in the District of Utah under one of Title VII's four available venue options, i.e., the judicial district where "the unlawful employment practice is alleged to have been committed." *See* 42 U.S.C. § 2000e–5(f)(3).

As to step two, the Court finds that Defendant has satisfied its burden to show that the balance of private and public interest factors favors transfer and clearly outweighs Plaintiff's initial choice of forum. As stated, Defendant has submitted a declaration showing that the company makes all employment decisions from its headquarters in Salt Lake City, Utah, including the decision not to hire Plaintiff. (DE 14-2 ¶ 4). To this end, the relevant documents and witnesses can all be found in Salt Lake City, Utah, including Defendant's employment policies, handbooks, hiring policies, and the employee who made the decision in Plaintiff's case. (DE 14-2 ¶¶ 5-7). The Complaint also suggests that Plaintiff attempts to bring a disparate impact case based upon statistical evidence. (DE 1 ¶¶ 39, 43). The records of Defendant's hiring practices can be found in the District of Utah, not the Southern District of Florida. (DE 14-2 ¶¶ 3-5).

Plaintiff has not submitted any evidence to rebut Defendant's declaration. The Court nevertheless accepts as true the Complaint's allegations that Plaintiff resides in Florida and that he applied for the job, and received news of his rejection, while at his home in Florida. (DE 1 ¶¶ 6, 31-33). The Court also accepts as true the Complaint's allegation that Defendant transports goods all over the lower 48 States. (DE 1 ¶ 7). The Court finds these facts insufficient to overcome Defendant's evidence in favor of transfer. The Court therefore recommends transfer to the District of Utah pursuant to 28 U.S.C. § 1404(a). *See Mathews v. PHH Mortgage Corp.*, No. 19-81492-

CIV, 2020 WL 12443347, at *4 (S.D. Fla. May 11, 2020) (transferring case under § 1404(a) where convenience-of-witnesses factor weighed substantially in favor of transfer); *Montgomery v. Risen*, No. 15-20782-CIV, 2016 WL 4119865, at *1-2 (S.D. Fla. Jan. 26, 2016) (transferring case under § 1404(a) where none of defendants' witnesses were in Florida, most third-party witnesses and relevant evidence were located in the transferee forum, and only a small number of plaintiff's potential witnesses resided in Florida); *Cunningham v. Sw. Airlines*, 548 F. Supp. 3d 1169, 1173-74 (M.D. Fla. 2021) (transferring case under § 1404(a) where all alleged events occurred in transferee forum, most witnesses lived and worked there, and majority of records were located there).

### C. Alternative Recommendations

In the event the District Judge disagrees with the recommendation in part II.B above, the Court alternatively recommends dismissal without prejudice for two reasons.

#### 1. Shotgun Pleading

First, the Complaint should be dismissed as a shotgun pleading. Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) requires that each claim be presented in separate, numbered paragraphs, that each claim be "limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate occurrence ... be stated in a separate count." Pleadings that violate Rules 8(a)(2) and 10(b) are known as "shotgun pleadings." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings fail to give an opponent "adequate notice of the claims against them and the grounds upon which each claim

rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).  Such pleadings commonly suffer from one or more of the following deficiencies:

(1) they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;

(2) they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;

(3) they do not separate each cause of action into a different count; and

(4) they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.*

The Court has reviewed the Complaint here and finds that it suffers from one or more of the above deficiencies, including the following:

- Count 1 alleges that Defendant violated Title VII (DE 1 ¶ 47), but it also alleges that Defendant violated the Florida Civil Rights Act of 1992 (DE 1 ¶ 59) and Fla. Stat. § 112.011, which pertains to public employment of convicted felons (DE 1 ¶ 60).  To survive dismissal, Plaintiff must separate each of these causes of action into different, numbered counts.  Alternatively, if Plaintiff chooses not to pursue these additional causes of action, he should drop any citations to these laws from his amended pleading.

- Plaintiff alleges that Defendant has a "policy" that has a disparate impact on African Americans (DE 1 ¶¶ 36, 53), but he never identifies or explains the policy.  Based on the totality of the Complaint, the Court assumes that Plaintiff believes Defendant has a blanket policy of not hiring job candidates with a felony conviction, but the

8

>Complaint never expressly says that. To survive dismissal, Plaintiff must identify and explain the exact policy that Defendant follows and why that policy has a disparate impact on African Americans.

Given the above-stated problems, the Complaint should be dismissed as a shotgun pleading. In light of Plaintiff's pro se status, he should be given an opportunity to re-plead his claims by way of an Amended Complaint. The Amended Complaint should comply with the Federal Rules of Civil Procedure and should avoid the problems common to shotgun pleadings. It should separate the causes of action into separately numbered counts with one clear legal theory per count, and it should provide sufficient facts to support each count. *See Taylor v. Royal Caribbean Cruises Ltd.*, No. 20-22161-CIV, 2020 WL 3257988, at *1 (S.D. Fla. June 16, 2020) (collecting cases on shotgun pleadings and giving instructions for any future amended pleading).

### 2. Failure to State a Claim

Second, Plaintiff's Title VII claim should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (DE 14 at 4-8). In evaluating a Rule 12(b)(6) motion, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Plaintiff alleges that Defendant discriminated against him in violation of Title VII, by refusing to hire him based on his criminal record. (DE 1 ¶ 44). Title VII does not make it unlawful to discriminate against someone based on a criminal record. *Burgess v. Tran*, No. 23-CV-80874, 2024 WL 2797437, at *2 (S.D. Fla. Apr. 9, 2024). As such, Plaintiff cannot state a plausible Title VII claim based on his status as a convicted felon.

Plaintiff also alleges that Defendant has a "policy" that has a disparate impact on African Americans. (DE 1 ¶¶ 36, 53). Plaintiff then cites to a series of statistics involving African Americans and criminal convictions, including a claim that 80% of federal crack cocaine offenders are African Americans and that one in three African Americans has a criminal conviction. (DE 1 ¶¶ 39, 43). Based on these allegations, the Court assumes that Plaintiff attempts to bring a disparate impact claim based on statistical evidence.

Title VII allows plaintiffs to bring a disparate impact claim based on "neutral employment practices which, while non-discriminatory on their face, visit an adverse, disproportionate impact on a statutorily-protected group." *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000). To establish a prima facie case of discrimination under this theory, a plaintiff must show (1) a significant statistical disparity between employees belonging to the protected class and other employees, (2) a facially-neutral employment practice, and (3) a causal nexus between the employment practice and the statistical disparity shown. *Id.*

At the pleadings stage, a plaintiff need not establish a prima facie case in order to survive dismissal. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Nevertheless, the Eleventh

Circuit has held that discrimination complaints must meet the plausibility standard of *Twombly* and *Iqbal*. *See Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011). In other words, the complaint must "provide enough factual matter (taken as true) to suggest intentional ... discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (cleaned up).

Applying that standard here, the Court finds that the Complaint fails to include sufficient factual matter to state a plausible claim for disparate impact based on statistical evidence. As stated, Plaintiff alleges that Defendant has a "policy" that has a disparate impact on African Americans (DE 1 ¶¶ 36, 53), but Plaintiff never identifies or explains the policy. Based on the totality of the Complaint, the Court assumes that Plaintiff believes Defendant has a blanket policy of not hiring job candidates with a felony conviction – but the Complaint never expressly alleges this. To survive dismissal, Plaintiff must identify and explain the exact policy that Defendant follows and why the policy has a disparate impact on African Americans. To the extent Plaintiff chooses to file an Amended Complaint, he must cure these pleading deficiencies.

III.     **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. The motion to dismiss (DE 14) should be **GRANTED IN PART** and **DENIED IN PART**.

2. This case should be **TRANSFERRED** to the District of Utah pursuant to 28 U.S.C. § 1404(a).

3. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any,

with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

4.  **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of August 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE