UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-80495-CIV-CANNON/McCabe

**THOMAS BURGESS**,

    Plaintiff,

v.

**PRIDE TRANSPORT, INC.**,

    Defendant.

_____/

### ORDER ACCEPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND TRANSFERRING CASE

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 14]. The Motion was referred to Magistrate Judge Ryon M. McCabe for a Report and Recommendation. On August 14, 2025, Judge McCabe issued a Report recommending that the Motion be granted in part and denied in part [ECF No. 24]. Specifically, the Report recommends transfer of this matter to the District of Utah pursuant to 28 U.S.C. § 1404(a) [ECF No. 24 pp. 4–7, 11], with an alternative recommendation to dismiss the Complaint without prejudice as a shotgun pleading and for failure to state a claim [ECF No. 24 pp. 7–11]. Plaintiff filed objections to the Report on August 26, 2025 [ECF No. 26].

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "Frivolous, conclusive or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quotation omitted). A district court reviews de novo those

portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Upon de novo review of the Report, and fully advised in the premises, the Court agrees with the Report that transfer of this employment discrimination case to the District of Utah is warranted pursuant to 28 U.S.C. § 1404(a). *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). The Report correctly evaluates the applicable factors for transferring a case based on inconvenient venue and concludes that all of the applicable considerations counsel in favor of transfer to the District of Utah: Plaintiff could have originally filed his case in District of Utah; Defendant is based in Utah; it appears that any alleged discriminatory hiring decision as currently pled would have been made in Utah; and all relevant decisionmakers and records are located in Utah [ECF No. 14-2 ¶¶ 3–7]. Plaintiff's feeble "objection" to the Report's determination—that he "would have been allowed to drive the defendant's semi truck to South Florida in order to spend time with his family" [ECF No. 26 ¶ 2]—does not serve to rebut any of the foregoing considerations or otherwise change the transfer calculus.

CASE NO. 25-80495-CIV-CANNON/McCabe

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation to transfer this case to the District of Utah under 28 U.S.C. § 1404(a) is **ACCEPTED** [ECF No. 24].

2. The Court need not address any of the Report's alternative recommendations or express an opinion on the other aspects of Defendant's Motion to Dismiss [ECF No. 14].

3. Defendant's Motion to Dismiss [ECF No. 14] is **GRANTED IN PART**, consistent with this Order.

4. Plaintiff's Motion to Amend the Complaint [ECF No. 29] is **DENIED AS MOOT**.

5. The Clerk of Court shall **TRANSFER** the above-captioned matter, Case No. 25-80495-CIV-CANNON, to the United States District Court for the District of Utah. *See* 28 U.S.C. § 1404(a).

6. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida this 4th day of September 2025.

                                                  **AILEEN M. CANNON**
                                                  **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record